THE SAVANNAH, FLORIDA AND WESTERN RAILWAY *vs.* LAWTON *et al.*

1. Where land lay near a river, and between the river front and the highlands there was a tract lower than that fronting immediately on the river, and a wall or dam was kept up along the river front by the adjacent proprietors, to prevent the overflow of the lower lands further back, by reason of high tides and floods; and where one of such land-owners sold a part of his lands, upon which was a portion of the bank or wall, to a railway company, and by reason of want of repair in the dam some of the lowlands were overflowed,

and the crops of the occupant destroyed; whether or not the vendor of the land on which the wall was would be liable, would depend upon the contract he made with the occupant of the lowlands when he rented to him. If he made no contract to keep up the bank, then he is not liable; if he did, he is liable. There was sufficient doubt on this subject to authorize the grant of a new trial in this case.

2. When the railway company purchased the land along the river bank, having upon it a bank or wall which was part of a system adopted by the proprietors of land fronting on the river to keep back the floods and high tides, each proprietor was bound to the others to keep up and maintain the bank on his own land for the benefit of all; and upon the purchase by the railway company, it assumed all the responsibility and liability resting on its vendor as to keeping up and maintaining the wall or dam. This duty it owed to all the other proprietors, as well as to the occupants of the lowlands which were subject to overflow; and it would be liable for damages resulting from a neglect to observe this duty.

(a.) The grant of a new trial as to both defendants was right.

January 26, 1886.

Water and Water Courses. Actions. Damages. Land-lord and Tenant. Railroads. Before Judge ADAMS. Chatham Superior Court. June Term, 1885.

Suit for damages was brought by Spears against Lawton and the Savannah, Florida and Western Railway Company. The following,.in connection with the decision, reports the case : Lawton and another, trustees, held the title to certain land near the Savannah river and a creek running into it. The land lying back from the water front was from eighteen inches to two feet lower than the lands along the bank. To protect these lowlands from overflowing at high tides, a dam or embankment had long been kept up by the owners of the land. Lawton and his co-trustee conveyed to the railway company a right-of-way and part of the land, on which was a portion of the dam, in 1875. In May, 1883, a break occurred in the dam at a place on the land of the company near where the railroad crossed the creek, and the land was flooded, causing damage to the plaintiff's crop. An agent of the railroad testi-

v 75-13

fied that he had caused repairs to be made in 1881, and also after this break, for the purpose of protecting the company's property; that Lawton caused repairs to be made within a year before the last break. The plaintiff held the land under a contract of rent from Lawton. There was some conflict as to whether the danger of overflow of the land was mentioned in fixing the price. The plaintiff testified that he had rented from Lawton for several years, and that Lawton had promised to keep up the dam; that he did not know when the sale was made to the railroad, and never knew of 'its hands working on the dam until after the present break; that Lawton always repaired it, and plaintiff did not take the risk of overflow. Lawton testified that he rented to Spears without stating anything about the trust estate; that the danger of overflow was mentioned by Spears, and the rent was fixed at a low price on account of such danger; that the dam broke in 1881, and Spears knew that the company then repaired it; that he did not make any contract with Spears to keep the dam in repair; that he may have said, years before, when Spears was his tenant, that he would keep it in repair, but not since the sale to the railway company.

There was some conflict as to whether the mode adopted in repairing the dam was a proper one, and whether the break resulted form negligence in failing to keep such dam in repair. There was also testimony as to the amount of damages.

The jury found for the plaintiff $1,000 against Lawton, and in favor of the railroad. The plaintiff and Lawton each moved for a new trial. Among the grounds were the following:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court erred in charging the jury in the language following: " With reference to the Savannah, Florida and Western Railway Company, if you find from the evidence that the dam or embankment referred to had

OCTOBER TERM, 1885. 195

The Savannah, Florida and Western-Railway vs. Lawton et al.

always been used for the protection of these lowlands, including the land occupied by Spears, and that the owner of the embankment had always kept it up for this purpose; and if you further find from the evidence that, after its purchase, this railway company repaired this embankment, and that by its acts and by its conduct it authorized Mr. Spears to expect that it would continue to keep it in good repair, and he got no notice to the contrary; then this would impose upon the railway company the duty of keeping up this embankment; and if it neglected this duty, and if by means thereof Mr. Spears sustained damage, he would be entitled to recover. But if, on the other hand, the owner of this embankment had not been in the habit of keeping it in repair for the protection of these lowlands, or if, on the other hand, this railway company, after this purchase, did not, by any act of its, authorize Mr. Spears to expect that it would continue to keep it up, then the company would not be liable."

(3.) Because the court erred in giving in charge to the jury the following request of said defendant: "If you find that the Savannah, Florida and Western Railway Company repaired any of the embankments along the south side of Bradley's creek, and it did so only for the purpose of keeping water off of its own land, such repairing cannot be taken as an acknowledgment by the railway company of any duty to repair."

(4.) Because the court erred in charging the jury, at defendant's request, in the language following: " No right or easement was annexed to the land occupied by Spears to have a dam or bank on the property of the railway company to keep water off, which the railway company was bound to repair"—adding thereto the following words: " That is true, unless this right arose from the circumstances or state in which it then was."

(5.) Because the court erred in charging the jury, at said defendant's request, as follows: " If the Lawton trust estate had had an easement, either by grant or prescription,

which amounted to the right to a dam or bank on the property of the railway company to keep out the water, this would not impose any obligation on the railway company to keep the bank or dam in repair, but the owner of the easement, the Lawton trust estate, would have to keep it in repair."

The court granted a new trial as to both the defendants, and the plaintiff and the railroad company each excepted.

CHISHOLM & ERWIN, for plaintiff in error, cited 1 L. R. (Q. B. D.), 225, 233; 2 *Id.*, 290; 69 *Ga.*, 543; 21 Pick., 342; 5 *Id.*, 486; 69 *Ga.*, 770; 68 *Id.*, 132–137; 31 *Id.*, 365; 43 *Id.*, 231–238; 51 *Id.*, 74, 164; 68 *Id.*, 605; 8 Mo., 26; 16 Ohio St., 107; 2 Johns., 382, 365; 6 *Id.*, 31; 5 Mass., 269, 270; 70 *Ga.*, 838–9; Code, §§213, 4284, 218(2), 2232; Shear. & Red. Neg., §123; 56 Me., 407; 32 Barb., 634; Code of Savannah, pp. 240–1, §13; 46 Mass., 435; 12 *Id.*, 68; Goddard Easements, 443; Wash. Ease., 685–6; Thomp. Neg., pp. 2, 40; 18 N. Y., 111.

RICHARDS & HEYWARD; LAWTON & CUNNINGHAM, for defendants, cited Taylor Laudl. & Tenn., §§778, 783, 784; 14 Am. Dec., 333; Code, §§2284, 4872, 4854; Code of Savannah, pp. 438–445; Ang. Watercourses, §§108 k, 166 b, 166 f, 166 i, 166 q, 166 v, 172, 194 d, 331 a, 337, 388, 396, 398, 404, 96, 108 d, 108 e, 166 r, 337, 372; Goddard Easements, 59, 60, 61, 48 *et seq.*; 4 Am. Dec , 647; 10 *Id.*, 356; 47 *Ga.*, 265, 268; 59 *Id.*, 288; Wood Nuis., §§129, 347, 350; 2 Thomp. Neg., 636, 651; 26 Moak's Eng. R., 283 *et seq.;* L. R. (9 Ch. Div.), 503; 20 Moak's Eng. R., 350; 16 *Id.*, 290; 21 N. Y., 505: 2 Wait's Act. and Def., 680.

BLANDFORD, Justice.

Spears brought his action against William S. Lawton and the Savannah, Florida & Western Railway Company, in which he alleged that he was the proprietor of, or in the use and occupation of a certain tract of land,

and that a certain dam on the lands of defendants, which it was their duty to keep up, was neglected and allowed by them to fall into decay, whereby the floods and tides came in upon the lands occupied by him, whereby his crops were destroyed and he sustained damage. The jury found in his favor against Lawton, and in favor of the Savannah, Florida and Western Railway Company. The court granted a new trial as to both defendants. The Savannah, Florida and Western Railway Company excepted to this grant as to themselves, and Spears excepted to the grant of a new trial as to Lawton. The evidence showed that the frontage lands, lying near the river, were much higher than the lands lying back between it and the high lands; that a dam or wall had been maintained on the high lands or frontage lands near the river by the different proprietors of these lands, to prevent high floods and tides from overflowing the adjacent lowlands; that Dr. Lawton, in 1875, sold a part of his lands to the railway company, upon which was a portion of the bank or wall which had been thrown up to keep back the floods and tides, and that for want of repairs by the company the bank was overflowed in May, 1883, and plaintiff's crops were destroyed.

Whether Dr. Lawton is liable, depends upon the contract he made with Spears when he rented to him; if he made no contract to keep up the bank, then he is not liable; if he did, he is liable. There was sufficient doubt about this to have authorized a grant of a new trial in this case.

We are of the opinion that the Savannah, Florida and Western Railway Company is liable under the facts of this case. When it purchased this frontage land, there was a bank or wall upon it, being a part of a system which the frontage proprietors had adopted to keep back the floods and high tides; each proprietor was bound to the others to keep up and maintain the bank on his own land for the benefit of all, and when the railroad company became a proprietor of a portion of this frontage land upon which

there was a bank or wall, it assumed all the responsibility and liability which was on its vendor when it became the purchaser, as to keeping up and maintaining the wall or dam; by thus holding, we maintain the system which had theretofore been adopted by these frontage proprietors. Every successor of these lands is bound in like manner as his predecessor. It is a duty which the railway company owed to all the other proprietors to keep this dam up, as well as to the occupants of the low lands which were subject to overflows, and for neglect to observe this duty, the railway company will be liable for any damage resulting therefrom.

So we think the court did right to grant the new trial as to both defendants.

Judgment affirmed.